### TOOMEY v. CITY OF ALBANY.

*(Supreme Court, General Term, Third Department. May 21, 1891.)*

MUNICIPAL CORPORATIONS—UNLAWFUL USE OF STREETS.

> The complaint in an action against a city for injuries to plaintiff's person and property alleged that while plaintiff's horse and sleigh were standing in front of an office on a street in defendant city a bob-sleigh with several persons came at great speed down such street, struck the sleigh, and injured it and the horse, and that plaintiff was also injured while attempting to hold the horse; that the accident was due to the negligence, misconduct, willfulness, and carelessness of defendant, and to the neglect of the city authorities in permitting the streets to be used for coasting purposes. *Held,* that the complaint was insufficient, in that it did not connect defendant with the accident, or show that defendant authorized an unlawful use of the street.

Appeal from special term, Albany county.

Action by James Toomey against the city of Albany. A demurrer to the complaint was sustained, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Gansevoort De W. Hurlbut,* (*Henry C. Nevitt,* of counsel,) for appellant. *D. Cady Herrick,* for respondent.

LEARNED, P. J. The complaint alleges the incorporation of defendant. It alleges that plaintiff left a horse and sleigh in charge of his son and another in front of an office on Madison avenue, in said city of Albany; that while the sleigh stood there a bob-sleigh, on which were several persons, came at great speed down said avenue, and collided with the sleigh, and broke the same and injured the horse; that, seeing the horse was becoming unmanageable, he attempted to hold the horse, and was thereby injured. He then alleges that such accident was due to the neglect, misconduct, willfulness, and carelessness of defendant; that it was due to the neglect of the city authorities by reason of their wrongful act in permitting such street to be used for coasting purposes. Upon the trial, and on the plaintiff opening his case, the defendant moved to dismiss on the ground that the facts stated did not constitute a cause of action. The court so held, and further offered to permit the plaintiff to withdraw a juror, and to amend his complaint. This plaintiff declined to do. Defendant thereupon entered judgment, and plaintiff appealed.

On the argument some discussion was had as to the liability of a city that through its officers assumes to authorize coasting in the streets, which becomes a nuisance, and by means of which some one is injured; but we think that question does not necessarily arise here. The allegations which set forth the injury do not show that any one was to blame, unless it were the persons who were on the bob-sled. They, of course, were neither the defendant nor agents of defendant; so that these allegations do not show that the city did anything. The first allegation which is intended to connect the city with the accident is that the accident was due to the neglect, misconduct, etc., of the city; but this is not an allegation which connects the city with the accident. This is like a complaint averring that A. injured the plaintiff, and the accident was due to neglect and misconduct of B. Something more must be alleged; some connection between the defendant who is sued for the accident and the accident itself. The defendant is entitled to know how its neglect caused another person to injure the plaintiff. The next clause is an allegation that the accident occurred by reason of the wrongful act of the city au-

thorities in permitting the street to be used for coasting purposes. Even here there is a want of any averment of an unlawful act done by the city authorities. At the most the allegation is that the city did not prevent this bobsled with several persons on it from running into plaintiff's horse and sleigh; for the allegation that the city permitted the street to be used for coasting purposes bears on the case, under this pleading, only as it shows that the bobsleigh and its crew were coasting, and therefore that the city permitted the crew to coast; so that the statement, so far as this case is concerned, is simply that the city wrongfully permitted the persons on the bob-sleigh to slide down the hill. That is equivalent to saying that the city did not prevent this act. Now, the prevention of fast driving and the like is a part of the police business of the city, and a negligent performance of that business or duty is not a ground for action against the city. *Pierce* v. *New Bedford*, 129 Mass. 534; *Coonley* v. *Albany*, 10 N. Y. Supp. 512. We do not think it necessary to discuss the question whether the city might be liable for an affirmative act, such as authorizing coasting or fast driving. As was said by the court of appeals in *Cohen* v. *Mayor, etc.*, 113 N. Y. 539, 21 N. E. Rep. 700, "we confine ourselves to the decision of this case." We take it just as the plaintiff presented it on his complaint, and we do not inquire what the rights would have been had he amended his complaint, and averred other facts. In the case last cited, which seems to go far in sustaining the liability of the city, it will be seen that the court based its decision on several elements, viz., that the city, without pretense of authority, and in direct violation of a statute, assumed to grant to a private individual the right to obstruct the public highway, and for such privilege take compensation; then the court said that the city must be regarded as if itself maintained the nuisance. Now, it is evident that nothing of this kind is averred in this complaint. In that case it was said that the owner of the cart had no right to store it on the highway. On the other hand, it can hardly be said that one has no right to draw a sled along the street, or even in some circumstances to slide upon the street; so that the present case does not come within the decision above cited. Unless, therefore, it could be said that from a neglect to prevent injuries committed by one person on another in the streets of the city the city is itself liable, this complaint is insufficient. Whether some affirmative act of the city by which it authorized such a use of its streets by fast driving or fast coasting as to be dangerous to travelers might not be held to be the causing of a nuisance we need not say. No such facts are alleged. Judgment affirmed, with costs. All concur.