(41 App. Div. 106.)

### LEONARD v. CITY OF HORNELLSVILLE et al.

(Supreme Court, Appellate Division, Fourth Department. June 6, 1899.)

1. MUNICIPAL CORPORATIONS—LIABILITY FOR ACCIDENT ON STREETS—FAILURE TO ABATE NUISANCE.

Where a shooting gallery adjacent to a city street was conducted in a manner making its maintenance a nuisance, and through its operation in such manner a person on the street adjacent thereto was, while in the exercise of due care, injured, the city was not liable, though it knew of the nuisance and had power to abate it.

2. NEGLIGENCE OF TENANT—INJURIES TO THIRD PERSONS—LIABILITY OF LANDLORD.

The owner of premises in a city, who leased them for a shooting gallery, which the tenant conducted in a manner prohibited by the city charter, thereby injuring a person while on the street adjacent to the premises, is not liable for the injuries, in the absence of proof that she knew that the tenant was using the premises in violation of the charter, and in a manner rendering travel along the street in front of them dangerous.

Action by Wesley D. Leonard against the city of Hornellsville and another. There was a dismissal at the close of plaintiff's evidence, and his motion for a new trial was directed to be heard by the appellate division in the first instance. Denied.

The action was commenced on the 10th day of May, 1898, to recover damages sustained by the plaintiff; he alleging that the defendant the city of Hornellsville wrongfully permitted a shooting gallery to be maintained adjacent to one of its streets, in such manner that it constituted a nuisance, and that the defendant Louise Zieger, who was the owner of said premises, leased the same for such unlawful purpose, and permitted such nuisance to be maintained thereon, by reason of which the plaintiff, who was upon the street in front of said premises, received the injury complained of. On and prior to May 1, 1896, the defendant Louise Zieger was the owner of certain premises situate on Canisteo street, one of the principal streets in the city of Hornellsville, N. Y. There was a one-story building upon said premises, 8 or 9 feet in width, and 30 or 40 feet in depth. There were windows and a door in the front of the building, which was flush with the street, and at the time in question they were all open. On the 1st day of May, 1896, the defendant Louise Zieger, through her son, as her agent, and who had charge of the premises for her, leased such premises to one Gearles for a shooting gallery. The lease was for no definite period, the lessee agreeing to pay at the rate of $10 per month while he occupied the same. Soon after the lease was made, Gearles went into possession, and converted the building into a shooting gallery, which consisted simply of placing a steel target at the end of the building furthest from the street. Persons were permitted and solicited by Gearles to enter the gallery from the street, and were then given an opportunity, upon payment of a certain fee, to shoot at the target. The target was so made or constructed that occasionally, when struck by a bullet, the bullet would glance or rebound back

to the front part of the gallery, and out upon the street in front of the building. The shooting gallery had been in operation for a period of three or four weeks, the bullets occasionally rebounding back to the street during all that time, and some of such bullets had caused injury or annoyance to people passing along the street in front of such building. On the evening of the 23d day of May, 1896, the plaintiff, who was passing along upon the sidewalk on Canisteo street, stopped in front of the shooting gallery and looked in at the door. While so standing, a rifle ball which had been shot at the target at the further end of the gallery rebounded, came back to the sidewalk where the plaintiff was standing, and struck him, which injury resulted in the loss of his eye. There is evidence tending to show that the shooting gallery, as constructed and maintained by Gearles, was a nuisance, and that, as conducted, it was dangerous to persons passing along the street, and that its condition was known to the officers of the defendant the city of Hornellsville, or that, in the exercise of ordinary care and prudence, they should have known that fact. There is no evidence tending to show that the defendant Zieger knew that the construction of the target in the building was faulty, or that it was so made that when balls struck it they would occasionally rebound to the front part of the gallery, and out upon the street. The evidence does show, however, that the defendant Zieger knew, when she rented the premises to Gearles, the purpose for which the premises were to be used. The building in which the alleged nuisance existed was wholly upon private property, and did not extend into or overhang the street in any manner, and the defendant city had in no way authorized or licensed the conduct or maintenance of a shooting gallery in such building. The defendant the city of Hornellsville at all the times in question was a municipal corporation, and, under the powers conferred upon it by its charter, it had ample authority to abate nuisances, and to prevent the building in question from being used in the manner in which it was used, and in such manner as to make it dangerous for persons to travel along the public street in front of such building.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

Elijah W. Holt, for plaintiff.

James A. Parsons, for defendant city of Hornellsville.

James A. Stevens, for defendant Zieger.

McLENNAN, J. Assuming that the evidence established, as against the defendant city, that a nuisance, to its knowledge, existed upon private property adjacent to a public street, of such a character as to make it dangerous for persons to go upon or travel over such street, that the city had power to abate such nuisance, that it failed to exercise such power, and that by reason of such failure the plaintiff sustained the injury complained of, is the defendant city liable?

A municipal corporation authorized to make ordinances for the good government of its streets and citizens, and which passes such ordinances, is not liable for injuries arising from their neglect or violation by private citizens, or for its failure to strictly enforce them. 15 Am. & Eng. Enc. Law, 1154.

In the case of Levy v. Mayor, etc., 1 Sandf. 465, the headnote is as follows:

"A municipal corporation, authorized to make ordinances for the good government of its streets and citizens, and which passes such ordinances, is not responsible for injuries arising from their neglect or violation. The corporation, in that respect, acts in a legislative capacity. It is its duty to provide wholesome laws, within its sphere, for the protection of the persons and property of its citizens, but it cannot guaranty them against the infringement of such laws."

In that case the city of New York passed an ordinance making it unlawful to permit swine to run at large in the streets. Such ordinance was not enforced, to the knowledge of the city, and as a result the plaintiff's infant son was injured. It was held that no action could be maintained against the corporation for the injuries sustained. At page 467 the court says:

"The idea that, because they [the city] may prohibit a nuisance, that therefore they must not only pass a prohibitory law, but must also enforce it, at the hazard of being subjected to all damages which may ensue from such nuisance, is certainly novel. * * * There would be no end to the claims against this city and state, if such an action as this is well founded. If a man were to be run over and his leg broken by an omnibus racing in the street, he would forthwith sue the city for damages, because the corporate authorities neglected to enforce their ordinance against racing and furious driving in the public streets."

In the case of Toomey v. City of Albany (Sup.) 14 N. Y. Supp. 572, the plaintiff, while occupying one of the streets of the city of Albany in the ordinary way, and without any negligence on his part, was struck by a coasting bob and injured. The plaintiff brought an action against the city of Albany to recover damages for the injury which he had sustained, upon the theory that it (the city) should have taken proper precautions to prevent coasting upon the street in question. It was held that the action could not be maintained, notwithstanding the city authorities knew that the street in question was being used for the purpose of coasting, and that such use was dangerous to persons lawfully upon such street. It is unimportant, so far as the liability of a municipal corporation is concerned, whether the accident complained of was the result of a failure to pass an ordinance prohibiting the acts which caused it, or whether such accident resulted because of the failure on the part of the municipality to enforce such ordinance. In the case of Howard v. City of Brooklyn, 30 App. Div. 217, 51 N. Y. Supp. 1058, it was held that a municipal corporation which had failed to pass an ordinance forbidding persons from riding bicycles upon a sidewalk of a city street was not liable to a person injured by being struck by a bicycle upon such sidewalk; and this notwithstanding the municipality had the power, under its charter, to prohibit the use of its sidewalks for such purpose. In the case of James' Adm'r v. Trustees of Harrodsburg, 85 Ky. 191, 3 S. W. 135, it was held that the failure of a corporation to provide the means of abating a nuisance altogether on private property, or the omission of its officers to abate it when the means are furnished, gives no right of action against the corporation to those who are injured by its neglect of duty. In that case a citizen of the municipality was blasting upon his own private property, with the knowledge of the municipal officers, and also with the knowledge that such blasting caused stones to fall upon the streets adjacent to such property. The plaintiff in that case, without negligence upon his part, while passing along one of the adjacent streets, was struck by a stone resulting from such blasting. In an action to recover damages for the injuries sustained, the plaintiff was nonsuited; the court holding that, notwithstanding the defendant municipality had authority to have prohibited such

blasting, it was not liable in damages to the plaintiff for its neglect in that regard.   In 1 Shear. & R. Neg. § 262, it is said:

"The common-law immunity of a municipal corporation, of whatever grade, from liability to a private action for the neglect of its imposed public duties, has been extended to cases of failure either to adopt suitable ordinances for the public welfare, as authorized by its charter or by general statute, and to cases of neglect or refusal to enforce its ordinances to that end.   Except in Maryland, and perhaps Pennsylvania, it is everywhere held that a public duty to make and enforce adequate laws for the prevention or abatement of nuisances injurious to the health, property, or person of the citizen is an imperfect obligation, and cannot be enforced against the will of the state.   The mere fact that a nuisance exists, and has occasioned injury to a third person, does not render the corporation liable therefor, provided the nuisance was not created or maintained by the corporation itself.   Such failure to execute the law is neglect of a duty owing to the public, not to individuals."

The case of Hubbell v. City of Viroqua, 67 Wis. 343, 30 N. W. 847, is very similar to the case at bar.   In that case a tent was erected wholly upon private property, but adjacent to a public street, and was used as a shooting gallery.   The plaintiff, who was traveling along the highway, was struck by a bullet fired from such tent, and was injured.   It was held the plaintiff could not recover, and at page 347, 67 Wis., and page 848, 30 N. W., the court says:

"Persons erecting such structures near a public highway, if they erect or maintain them in such manner as to interfere with the safety of persons traveling such highway, may be answerable for any damage caused by the existence of such structures to persons traveling such highway; but they do not constitute an insufficiency of the highway itself, within the meaning of the statute, so as to render the town, city, or village in which they are situated liable for the damage caused by their existence."

In the case of Little v. City of Madison, 42 Wis. 643, and in Schultz v. City of Milwaukee, 49 Wis. 254, 5 N. W. 342, it was held that an action will not lie against a municipal corporation for not suppressing a public nuisance within the municipality, when such nuisance is not created or maintained by the express authority of the municipality, and when such public nuisance is not the result of some act done or neglected to be done in the performance of the duties imposed upon the municipality by law, such as repair of streets, constructing sewers, water or other public works.   In McDade v. City of Chester, 117 Pa. St. 414, 12 Atl. 421, it was held that a city is not liable to one who is injured in assisting in the extinguishment of a fire in a manufactory for fireworks, because the city failed to exercise the power which was expressly given to it to prohibit such manufacture. In the case of Cain v. City of Syracuse, 95 N. Y. 83, it was held that notwithstanding the defendant, by its charter, had ample power to demolish walls of buildings within its limits which had become dangerous by reason of fire, its failure to exercise such power, by reason of which the plaintiff, who was in an adjoining building, and not upon the street, sustained injury, did not make such city liable for the plaintiff's injuries.   Many other authorities might be cited to the same effect.   No case has been called to our attention which in any way conflicts with the broad proposition that a municipality is not liable for injuries sustained by an individual by reason of its failure

to suppress nuisances upon private property. The proposition would seem to be supported, not only by authority, but by reason as well. In case a person is injured in consequence of the excessive rate of speed at which an electric car passes along a city street, it would hardly be urged that the municipality would be liable for such injury because it failed to pass an ordinance prohibiting cars passing at such rate of speed, or because of its failure to enforce such an ordinance if passed.

The conclusion is reached that a municipality authorized by its charter or by general statute to suppress a nuisance wholly upon private property is not liable to a person who sustains injury by reason thereof, because of the fact that such municipality failed to pass an ordinance prohibiting the same, or failed to enforce such ordinance, if passed, notwithstanding its continuance rendered travel upon a public street of such municipality dangerous and unsafe.

If this shooting gallery was conducted in such a manner as to violate any provision of the city charter, we do not see how that fact establishes any liability upon the part of the defendant Zieger, inasmuch as it does not appear that either she or her agent knew that the proprietor was thus conducting the gallery without having first obtained the necessary permit from the mayor, and consequently, so far as she is concerned, it cannot be said that she rented the premises in question for an unlawful purpose; and there is no evidence showing or tending to show that she knew or had any reason to suspect that such premises were being used in a manner which would make them in any way dangerous to the public, or to a person passing along the highway in front of such premises.

It follows that the motion for a new trial should be denied, the plaintiff's exceptions overruled, and that the defendants are entitled to judgment dismissing the plaintiff's complaint, with costs. All concurred.