(107 App. Div. 351.)

WALKER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   August 31, 1905.)

MUNICIPAL CORPORATIONS—FIREWORKS ON PRIVATE PROPERTY—NUISANCE—INJURY TO PERSON—LIABILITY.

A city suspended its ordinance relating to the discharge of fireworks within its limits, so as to permit an exhibition of fireworks by a church on private property abutting a public street at a time fixed.   The exhibition took place on the property designated under the direction of the commissioner of police, and under circumstances warranting a finding

that the exhibition was a public nuisance. *Held*, that the city was liable for an injury received by a person visiting a resident of the neighborhood by reason of a premature explosion of the fireworks.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1546, 1551.]

Appeal from Trial Term, Kings County.

Action by Annie Walker against the city of New York. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH, and MILLER, JJ.

James D. Bell (James W. Covert, on the brief), for appellant.
Henry A. Powell, for respondent.

RICH, J. The main questions presented on this appeal by counsel for the appellant have been decided adversely to their contention by the Court of Appeals in Landau v. City of New York, 180 N. Y. 48, 72 N. E. 631, in which it was held that the adoption of a resolution by the defendant's board of aldermen, suspending its ordinances relating to the discharge of fireworks within its limits, so far as they applied to political meetings and parades, for a specified time, subject to such restrictions and safeguards as the police department might determine as necessary, was tantamount to an invitation to, and was in substance and effect a license and permit to, those conducting such meetings and parades, to set off fireworks during and within the time specified, and that their act in availing themselves of such permission and proceeding thereunder, if found by a jury as matter of fact to constitute a public nuisance, rendered the city liable for damages to a person injured by a premature explosion of such fireworks, by reason of consent having been given in advance to the existence of such a nuisance in its streets.

In the case at bar the defendant's board of aldermen on May 13, 1902, adopted the following resolution:

"Resolved, that the ordinance relating to the discharge of fireworks be and the same is hereby suspended, so as to permit a display by the congregation of St. Mary's Powell Street Church, borough of Brooklyn, on the north side of Pacific street, about 75 feet east of Sackman street, on May 19, 1902, under the direction of the commissioner of police."

Such resolution thereafter became operative under the provisions of section 40 of the Greater New York Charter. On the evening of May 19th an acting captain of police, accompanied by 15 policemen, acting under direction of the inspector, went to the place where the display of fireworks was authorized to take place, and remained there about two hours while the exhibition was in progress. The display was upon a vacant lot. Directly opposite this lot was the residence of Mrs. Ellen Gregg. The plaintiff, having no knowledge that a display of fireworks was to be given that evening, called upon Mrs. Gregg, and was seated on the veranda of her house at the time of the accident. She did not go there, as she testified, to

see the fireworks, but to make a neighborly call. A little after 9 o'clock the exhibition was commenced. It consisted of set pieces, skyrockets, and similar fireworks, that went up in the air and exploded with loud reports, which were set off close to the sidewalk on the lot side, as near to the walk as they could be placed, as testified to by several witnesses. There was no fence along the lot between the sidewalk and the lot. Shortly after the commencement of the exhibition a large set piece was lighted, which from some un-- explained cause exploded. A large piece of it was thrown across the street, striking the plaintiff on the side of her head, and inflicting the injury complained of. The learned trial justice submitted to the jury as a question of fact whether the exhibition of fireworks was, under the circumstances established by the evidence, a public nuisance, and of the correctness of their finding that it was there can be little doubt.

The appellant contends that the fact that the exhibition of fireworks resulting in the injury to plaintiff was given by a church organization upon private property, at a point specifically designated, under the direction of the commissioner of police, distinguishes and removes the case at bar from the effect of the decisions in Landau v. City of New York, supra, and Speir v. City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. Rep. 664, and leaves the question of defendant's liability an open one in this court. We are unable to reach this conclusion. The exhibition was given at the time and place authorized and permitted by defendant, upon property abutting a well built up and populated residence street, under the personal supervision and direction of defendant's police authorities. Although the fireworks were discharged upon private property, the place of their discharge was so close to the street (being just inside the sidewalk) that defendant is not relieved from liability by that fact. The danger to persons and property in the vicinity was just as great and as much to be apprehended as if the actual place of discharge had been in the street. The fireworks having been discharged in such close proximity to the street, within a few inches of the street line, on a lot surrounded by inhabited houses, justified the jury in finding the exhibition actually dangerous to people lawfully in that vicinity, and a public nuisance, for the results of which the defendant was liable.

The case of Leonard v. City of Hornellsville, 41 App. Div. 106, 58 N. Y. Supp. 266, cited by appellant as an authority supporting its contention, is not in point. The proposition there declared, that a municipal corporation is not liable for a failure to exercise its charter powers in abating a nuisance upon private property so near the street as to menace the safety of persons lawfully using the highway, is not applicable to the facts established in the case at bar, in which the liability of the city is predicated upon the affirmative action of defendant in licensing and permitting an act made unlaw-. ful by its ordinances, carried out under the supervision of its own officers in such close proximity to a residence street as to constitute a public nuisance, dangerous to the safety of persons lawfully in the

vicinity where the exhibition was given, upon business not connected with such exhibition or as voluntary spectators thereof.

The appellant's exceptions present no reversible error, and we do not regard the damages awarded by the jury as excessive.

The judgment and order must therefore be affirmed, with costs. All concur.