### DE AGRAMONTE v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

MUNICIPAL CORPORATIONS—TORTS—PUBLIC PARKS—DISCHARGE OF FIREWORKS.
In an action for injuries to a pedestrian walking along a public park by being struck by a portion of a bomb discharged in a public park as a part of a display of fireworks under a license issued by the mayor, evidence *held* to require submission to the jury of the question whether the spot where the fireworks were exploded was so close to the street as to make the exhibition dangerous to persons thereon.

Appeal from Trial Term, Westchester County.

Action by Louisa De Agramonte against the city of Mt. Vernon. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

See 98 N. Y. Supp. 454, 112 App. Div. 291.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

J. Mortimer Bell, for appellant.

Terence J. McManus (Abraham Gruber, on the brief), for respondent.

GAYNOR, J. We reversed a former judgment for the plaintiff. 112 App. Div. 291, 98 N. Y. Supp. 454. This time the case went to the jury on the question whether it was not negligence in the city to allow the display of the fireworks in the public park so close to the street where the plaintiff was hit by the fragment of the steel pipe of a bomb which prematurely exploded. She was not a spectator at

the exhibition, which was given by a private society under a license from the mayor authorized by an ordinance of the common council, and under the superintendence of police officers sent there for that purpose, but a passer by. The oral evidence is surprisingly meager in respect of the distance of the spot where the fireworks were set and exploded from the street, which was the pivotal point of the case. But it was somewhere about the middle of the park; and by dint of scrutinizing a poor map of the park which got in evidence, it is found to be 450 feet long on the side where the plaintiff was, about 350 feet on the opposite side, and about 420 feet the other way. It thus appears that the said spot was about 210 feet or less from the plaintiff. This made the case one of fact for the jury, i. e., whether the spot was so close to the street as to make the exhibition dangerous to persons thereon. Walker v. City of New York, 107 App. Div. 351, 95 N. Y. Supp. 121.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.