(160 App. Div. 418)

### REIDER v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. January 30, 1914.)

1. MUNICIPAL CORPORATIONS (§ 753*)—AUTHORITY OF OFFICERS.

An ordinance forbidding the. firing of combustible substances in the street or elsewhere in the city within the fire limits, but provided that the section shall not apply to the firing of fireworks on July 4th, or except by general permission of the mayor, would not authorize the mayor to permit the firing of combustibles in a place in the city other than in the streets, such as a public park, but without the fire limits.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1584, 1586; Dec. Dig. § 753.*]

2. MUNICIPAL CORPORATIONS (§ 753*)—TORTS.

To make the city liable for injuries from the explosion of fireworks in the city under permit from the mayor, he must have been authorized by statute or by ordinance to permit the doing of such an act, which was dangerous in itself, so as to constitute a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig §§ 1584, 1586; Dec. Dig. § 753.*]

Action by George Reider, an infant, by Samuel Reider, as guardian ad litem, against the City of Mt. Vernon. On plaintiff's exceptions ordered to be heard in the first instance by the Appellate Division. Exceptions overruled, and motion for new trial denied, and judgment directed dismissing the complaint.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Odell D. Tompkins, of Mt. Vernon, for plaintiff.
Frank A. Bennett, Corp. Counsel, of Mt. Vernon, for defendant.

STAPLETON, J. There was an order entered in this case directing that plaintiff's exceptions be heard in the first instance by the Appellate Division, and the exceptions are here to be heard upon a motion for a new trial. The single exception presented is that to the ruling of the trial court granting defendant's motion for a dismissal of the complaint at the close of plaintiff's case.

The action is brought against a municipal corporation, and liability is asserted upon the theory that the defendant created a public nuisance through which the plaintiff sustained personal injury.

The principles of law applicable to the question of liability presented for consideration are well settled, and the justification for this opinion is that, one injured in the same casualty having heretofore recovered damages (De Agramonte v. City of Mt. Vernon, 123 App. Div. 717, 108 N. Y. Supp. 236), the plaintiff is entitled to know why we distinguish between that case and the one at bar. In the De Agramonte

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Case, a pedestrian, while on a public street, was injured by a fragment of the steel pipe of a bomb which prematurely exploded at a fireworks display in a public park, which display was being conducted by a private organization under a license from the mayor, authorized by an ordinance of the common council. This court held, in the opinion last cited, that it was a question for the jury whether it was not negligence for a city to license and allow a display of fireworks in a public park so close to a public street as to make the exhibition dangerous to persons upon the street as pedestrians and not as spectators of the display. It was assumed in that case that the mayor was authorized to give the license which he gave. In the case at bar the defendant insists that no such authority existed.

The plaintiff here was a spectator at the display of fireworks and was injured through a premature explosion while in Hartley Park, a public place in the city of Mt. Vernon. The plaintiff's counsel conceded that plaintiff was confined to nuisance as a basis of recovery.

The mayor of the city gave what purported to be a written permit to a social organization for an exhibition of fireworks in Hartley Park on the 2d day of August, 1902. Hartley Park was not in that part of the city known as the fire limits. There was no statute which conferred upon the mayor the power to grant the permit. There was an ordinance of the city under which the mayor assumed to act. That ordinance reads:

"The firing of a gun, pistol, squibs, crackers, gunpowder, or other combustible substance in the streets, or elsewhere in that part of the city known as the fire limits, and the blowing of horns, are hereby forbidden: Provided, however, that this section shall not apply to the firing of crackers or fireworks on the fourth of July, or to the day on which the anniversary of our national independence shall be celebrated, or except by general permission of the mayor."

[1] The precise question presented for our determination is: Did that ordinance authorize the mayor to grant a permit for firing gunpowder or other combustible substances in a place in the city other than the streets, without the fire limits thereof? The trial justice held that the ordinance conferred no such authority upon the mayor. I think his construction was the true one. The prohibition was: (1) Against doing the forbidden thing in the streets; (2) against doing it generally in that part of the city known as the fire limits. This prohibition could be suspended by general permission of the mayor. Against firing gunpowder or other combustible material in places outside of the fire limits other than the public streets, there was no prohibition and no license was necessary or authorized.

[2] It is essential to the success of the plaintiff to establish that the executive of the city was authorized by statute or by the governing body of the municipality, acting within the scope of its statutory powers, to permit the doing of an act, dangerous in itself, to the extent of constituting a nuisance, thus participating in the creation of the nuisance. De Agramonte v. City of Mt. Vernon, 112 App. Div. 291, 98 N. Y. Supp. 454; Speir v. City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. Rep. 664; Landau v. City of New York, 180 N. Y. 48, 72 N. E. 631, 105 Am. St. Rep. 709. Whether or not the act complained of by the plaintiff was a nuisance, created

by the persons actually engaged in the explosion of the fireworks, is a question of fact; whether the municipality participated in it, the only evidence being a written permit under an ordinance, is a question of law. The municipality could be held for the act of its mayor only in case he acted under authority. The ordinance conferred no such authority upon him. The determination of the trial court was correct.

Plaintiff's exceptions overruled, and motion for a new trial denied, and judgment directed for the defendant dismissing the plaintiff's complaint, with costs. All concur.