Fred A. Young, J.
On the second day of July, 1954, claimant, while operating a motor vehicle, was struck on the left wrist by a golf ball as she signaled, with her left arm extended from her automobile window, to make a right turn. New York State Highway, Boute 48, upon which the claimant was driving, is a *558 highly travelled highway between Oswego and Fulton, New York, and on the east side of this highway the State has owned and maintained the Battle Island G-olf Course for a period of over 25 years prior to the occurrence of this accident. It is the contention of the claimant that the 18th hole, with its fairway running parallel and immediately adjacent to the highway, constituted a menace and public nuisance to travellers using the highway. With this the-court agrees.
The right of the public to free and unmolested use of the highway is well defined. (Tinker v. New York Ontario & Western Ry. Co., 157 N. Y. 312; Flynn v. Taylor, 127 N. Y. 596; Callanan v. Gilman, 107 N. Y. 360.)
In Gleason v. Hillcrest Golf Course (148 Misc. 246, 250) the learned Judge Pettb said: “ This plaintiff had a right to be traveling in the automobile upon the highway. The ball hit the windshield suddenly. She could not be expected to watch out for deflected golf balls in the path of the car, and even if she were, there is nothing to indicate that she could have reasonably done anything to avert the accident. For aught that appears, she did not know that the golf course was there, or that a golf game was in progress at the time. The roadway itself was safe, the car was being carefully driven, and the conditions were such that no one on the highway, certainly not a person sitting in a passing car, could be reasonably required to anticipate that a ball might fly against the car any moment. Plaintiff was in substance and effect in the same position as any other traveler or pedestrian who, without warning, is struck by an object falling from a structure.”
The game of golf, itself, is not inherently dangerous. In the case at bar, however, the evidence established that the State had notice of golf balls landing on or across the highway. It was surely within the realm of foreseeable possibility that golfers might drive a ball into the stream of traffic along the highway. This possibility presents the element of danger. In Palsgraf v. Long Is. R. R. Co. (248 N. Y. 339, 344) Judge Cabdozo said: “ The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension. (Citing authorities.) This does not mean, of course, that one who launches a destructive force is always relieved of liability if the force, though known to be destructive, pursues an unexpected path. ‘ It was not necessary that the defendant should have had notice of the- particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye.’ (Citing authorities.) ”
*559 It follows that the failure of the State to make known, or erect protective devices to lessen, the dangers to persons lawfully using the highway created a hazard of which the State in the exercise of reasonable diligence should have been aware. (Klepper v. Seymour House Corp., 246 N. Y. 85; De Agramonte v. City of Mount Vernon, 123 App. Div. 717.)
The court finds the State liable in allowing a dangerous condition to exist and in failing to use reasonable care to prevent injury to a person lawfully using the highway.
An award is made in an accompanying decision.