No. 41,528

RUTH FINK, *Appellant*, v. RANDY KLEIN and the MEADOWBROOK GOLF AND COUNTRY CLUB, a Corporation, *Appellees*.

(348 P. 2d 620)

Opinion filed January 23, 1960.

*Joseph P. Jenkins*, of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Barton P. Cohen, Jacob F. May, Jr., Norma Braly* and *Frederick K. Cross*, all of Kansas City, were with him on the brief for appellant.

*Edw. M. Boddington, Jr.*, of Kansas City, argued the cause, and *Edw. M. Boddington*, and *Richard J. Croker*, also of Kansas City, were with him on the brief for appellee, Randy Klein.

*Leonard O. Thomas* of Kansas City argued the cause, and *J. E. Schroeder, Lee E. Weeks, J. D. Lysaught, Robert H. Bingham, Charles Gallup* and *Miles D. Mustain*, also of Kansas City, and *Howard T. Payne*, of Olathe, were with him on the brief for appellee, Meadowbrook Golf and Country Club.

The opinion of the court was delivered by

SCHROEDER, J.: This is a damage action for personal injuries sustained by the plaintiff when she was struck by a golf ball on the Meadowbrook Golf and Country Club in Johnson County, Kansas. From a verdict and judgment adverse to the plaintiff she appeals specifying numerous trial errors.

The jury in answer to special questions found the plaintiff guilty of contributory negligence.

The jury trial consumed five days and the abstracted record presented to this court on appeal approximates 270 pages. Facts established by the evidence which are uncontroverted may be stated as follows: Ruth Fink (plaintiff-appellant) by reason of her husband's membership in the Meadowbrook Golf and Country Club (defendant-appellee, hereafter referred to as the Club) had access to and enjoyed all the privileges of membership in the Club. She was a housewife, fifty-six years of age, and had a great interest in the game of golf. By reason of her experience over a number of years in playing golf she was a proficient player. In the year 1956 she was Chairman of the Junior Golf Committee and took charge of the Junior Tournaments at the Club. Her work with the children included instruction with respect to the nature of the game, the dangers of golf, the rules of the game, and golf etiquette. Randy Klein (defendant-appellee) in 1956 was twelve years of age and was among the children instructed by the appellant. She knew the kind of golf Randy played and was well acquainted with him.

The Club invited the Kansas City Junior Golfers to hold an invitational tournament on its course. It was scheduled to start on Monday, August 20, 1956. As customary before the tournament a rules committee went on the course to stake out hazards and make special rules depending upon local conditions. On the rules committee was the golf professional of the Club, Buster Mills (hereafter referred to as the Pro), the Chairman of the Junior Golf Committee (appellant), and a few others.

The rules committee met at 1:30 p. m., Saturday, the 18th day of August, 1956, at the Club. They proceeded in the automobile of the Pro as *nonplayers* across the golf course to carry on the business of the committee. They went first to hole No. 11 and then across to hole No. 16. This hole is 420 yards long running from

the north, where the tee is located, to the south where the green is located. The fairway is 40 yards wide and makes a slight dog-leg to the left at about 250 yards. At this point on the left of the fairway at the edge of the rough is a large tree, the branches of which hang partially over the fairway. To the right side of the fairway in the rough and running adjacent to the fairway is a creek. Trees were growing in the creek and a limb had fallen from one of the trees. The committee, of which the appellant was a member, left the automobile west of the creek on the right side of the fairway and, after crossing the creek, walked to the 16th fairway, then along the edge of the rough on the right side in a southerly direction for about 100 yards to the point where the limb had fallen. They stood at this point all facing the south, away from the tee, for approximately five minutes. At this point the appellant was struck by a golf ball driven by Randy Klein. It struck her between the legs from the back, a few inches above the knees, making a hole through the lower part of her dress at such place. The ball struck the inside of both legs.

As a result thereof the appellant alleged she suffered severe bruises and contusions causing her to have surgery, which in turn caused cosmetic damage consisting of a large disfiguring scar extending from her groin to her right ankle. Among other things, she alleged severe shock to her entire nervous system.

Randy Klein had driven his first shot from the 16th tee into the rough on the left side of the fairway. From this point the large tree on the left of the fairway was directly between his ball and the green. He was therefore shooting his second shot for position with a No. 4 wood out of the rough aiming for the center of the fairway to the right of the tree, but upon shooting he "toed" the ball and it went into the air and to the right across the fairway, headed directly toward the group on the rules committee about 100 yards distant. It struck the appellant.

At no time did the appellant see Randy Klein or his companion golfer, Dennis Swartz, on the 16th hole, and no one on the committee warned her of the presence of anyone on the course at the time, particularly the 16th hole. At no time did the appellant look to the north toward the tee on the 16th hole, but she faced continually to the south or away from the tee. There were no obstructions to prevent members of the committee from seeing anyone on the 16th tee or on the 16th hole to the north of the point where the committee was standing.

The Pro testified that as he walked up onto the rough on the west side of the 16th fairway, he saw Randy Klein and Dennis Swartz and recognized who they were. He said the boys were in plain view from the time he walked up there until the incident occurred.

Concerning other facts upon which the evidence was not altogether consistent we shall turn to the findings of the jury.

The jury in answer to special questions found that when Randy Klein toed the golf shot in question he called "fore," but that he was guilty of negligence which was a proximate cause of the appellant's injuries because he gave no warning, by calling "fore," *before shooting.* The jury found the Club guilty of negligence by reason of the failure of the Club Pro to warn the other members of his party of the approaching players.

The jury in answer to special questions found the appellant was Junior Chairman at the Club on August 18, 1956, and during the weeks immediately prior thereto; that the Club scheduled a *Club* Junior Tournament prior to August 18, 1956, in which the match being played by Randy Klein and Dennis Swartz on August 18th was one of the matches to be played to complete the tournament; that the appellant was in charge of the *Club* tournament; that the appellant knew, or by the exercise of reasonable care, should have known before she was injured that Randy Klein and Dennis Swartz were playing golf on the course; that the two boys were in plain view of the appellant, if she had looked, at all times as she walked on the rough adjacent to the 16th fairway and before she was injured; that the appellant did not exercise reasonable care for her own safety while on the golf course at the time in question; that the golf shot which Randy Klein toed should have been anticipated by the appellant, a nonplayer on the course; and that the appellant was negligent, which negligence contributed to her injuries and damages, if any, as a direct and proximate cause thereof.

The record discloses substantial evidence to support each of the foregoing findings made by the jury.

The foregoing findings of the jury indicate that it accepted the testimony of Randy Klein and Dennis Swartz to the effect that they were scheduled to play off a match in the *Club* Junior Tournament on Friday, August 17, 1956, but appellant on that date told them to play off the tournament on the next day, Saturday, August

18th. They each testified that on August 18th at about 10:30 the appellant met them at the Club where she gave them their score card and started them off on the course.

The Club Pro, called as the appellant's witness, testified it would require boys twelve years of age three to three and one-half hours to play 18 holes of golf.

By reason of the foregoing it was within the province of the jury to find the appellant should have known before she was injured the two boys were on the golf course. Being a proficient golfer herself and having previously instructed Randy Klein, she knew of his ability and experience as a golfer. Thus, the jury found the appellant should have anticipated the golf shot which Randy Klein toed.

The appellant testified:

"The best golfer hits a ball sometimes where they don't expect it to go. The best golfer in the world playing in a tournament will sometimes hit a ball and it will go off almost at a right angle to him. Everybody misses a golf shot occasionally. Anybody who goes onto a golf course who has played golf knows that golfers often miss and knock balls in unintended directions. I knew that August 18, 1956, when I went onto this course. . . ."

As a matter of fact the appellant, as the Club's Junior Chairman, is the only person in authority mentioned anywhere in any of the evidence to have known the boys were playing when the committee, which included the appellant, encountered them on the 16th hole. This encounter was at a place the appellant should have anticipated the boys to be, considering the fact she started them at 10:30 a. m., on the day in question and the time it would take them to play 18 holes.

When the appellant went on the golf course with the committee as a nonplayer, she had a duty to keep a proper lookout for her own safety. The trial court instructed:

"INSTRUCTION No. 15.

"Further, it was the duty of the parties to do and see those things which they could have done and seen in the exercise of ordinary care. In reference to this matter, you are instructed that the parties are conclusively presumed to have seen those things which they could and should have seen in the exercise of reasonable and ordinary care."

The foregoing instruction was broad enough to include the appellant.

Numerous specifications of error relate to the Club rules—their promulgation, reasonableness, enforcement and interpretation.

These specifications of error relate to the admission and exclusion of evidence, the submission of special questions to the jury, the overruling of appellant's motion to set aside answers to special questions, the refusal to give appellant's requested instructions, the giving of certain instructions, the refusal to permit appellant's counsel to cross examine a witness in some particulars, the failure to strike specified testimony, and the failure to grant appellant's motion for a new trial. By reason of the foregoing it is argued the trial court refused to permit the appellant to fully present her theory of the case.

The appellant contends a rule was adopted by the Club whereby Junior golfers were restricted on Saturday and permitted to play golf only until 12:00 o'clock noon, and that after 12:00 o'clock on Saturday the golf course was reserved for the men. The testimony was conflicting as to the interpretation of this rule, even as to the appellant's witnesses. There was testimony that if the Junior golfers *started* before noon on Saturday, they were permitted to finish playing whether they completed the game before or after 12:00 o'clock noon.

After a careful examination and review of the record, we are bound by facts which we think establish that the appellant by her actions construed the rules and removed from the case any question concerning the rules. She took out of the case any question concerning the reasonableness of the rules, since she, knowing the ability of the boys, initiated the action which put them in the place where they were when the accident occurred. Under these circumstances, the question as to whether the boys violated any rule of the Club, whether the Club failed to enforce the rule, or whether any other rule should have been promulgated is completely irrelevant and immaterial.

The jury specifically found each of the appellees guilty of negligence in the particulars heretofore stated. Whether or not either of the appellees was guilty of additional grounds of negligence, concerning which other specifications of error are assigned by the appellant, is immaterial.

The appellant lost because she was found guilty of contributory negligence. The jury was instructed by the trial court's instruction No. 8 on contributory negligence generally, and the appellant made no objection to this instruction.

The appellant contends special questions No. 6 and No. 15 call

for bare legal conclusions and could not have any effect on the ultimate verdict which must yield to other detailed findings of fact. (Citing *Ziegelasch v. Durr,* 183 Kan. 233, 238, 326 P. 2d 295; *Scott v. Bennett,* 181 Kan. 410, 414, 312 P. 2d 224; and *Reda v. Lowe,* 185 Kan. 306, 313, 342 P. 2d 172.) These questions and the answers given thereto read:

"6. Do you find that the plaintiff was negligent, which negligence contributed to her injuries and damages, if any, as a direct and proximate cause thereof?

"Answer: Yes.

"15. Did the plaintiff exercise reasonable care for her own safety while on the golf course at the time in question?

"Answer: No."

Attention is invited to the fact that there were nine special questions submitted to the jury relating to the contributory negligence of the appellant. The substance of these questions and the answers given thereto by the jury has heretofore been stated. Considering these nine questions together and the answers given, it is clear the jury made numerous specific findings from which the ultimate conclusion of the appellant's contributory negligence was drawn. Furthermore, the answers of each of the appellees to the amended petition of the appellant merely alleged contributory negligence on the part of the appellant as a conclusion of law. These pleadings were not attacked by the appellant insofar as the record discloses, but she replied traversing the issue of contributory negligence as it was alleged by the answers of each of the appellees. Upon all the facts, conditions and circumstances disclosed by the record herein, we find no merit in the appellant's contention that the trial court erred in submitting the above two quoted special questions to the jury or in its refusal to set aside the answers given thereto. The appellant argues the answers given to the above two special questions on contributory negligence must yield to other detailed findings of ultimate fact. The two special findings wherein the appellees were each found to be guilty of negligence, including the particulars thereof, are asserted as the detailed findings which control. This argument is untenable and merits no further consideration. The general verdict was for the appellees and it is absolutely consistent with the findings of the jury that each of the appellees was guilty of negligence and the appellant guilty of contributory negligence.

After careful and extended examination of the lengthy record

presented for review, we deem it neither necessary nor required to prolong this opinion by detailing the evidence adduced by the parties concerning each and every specification of error. Though the record discloses conflicting evidence we are, nevertheless, convinced it contains substantial testimony which, if believed, would sustain the findings and conclusions reached and announced by the jury, as the trier of the facts, in both its answers to the special questions and the verdict.

For the reasons heretofore assigned, which are based upon the record presented, the jury's findings that the appellant was guilty of contributory negligence, which was a proximate cause of her injuries, are sound and control the decision precluding appellant's recovery.

Other assignments of error not heretofore mentioned have been carefully reviewed together with the authorities cited in support thereof, but it does not affirmatively appear the appellant has been denied a fair trial or that such errors, if any, or irregularities have prejudicially affected the substantial rights of the appellant. Substantial justice has been done by the judgment of the trial court.

G. S. 1949, 60-3317, provides:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it, the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

The judgment of the trial court is affirmed.