Florence A. **LUDWIKOSKI,** Plaintiff,

v.

Ryoji **KUROTSU,** Defendant.

**No. 93-2155-JWL.**

United States District Court,
D. Kansas.

Dec. 29, 1993.

Mark C. Owens, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, KS, for Florence A. Ludwikoski.

R. Douglas Gentile, Robert M. Carroll, Baker, Sterchi & Cowden, Overland Park, KS, for Ryoji Kurotsu.

## *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

### I. Introduction

This matter comes before the court on the motion of defendant Ryoji Kurotsu to dismiss

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 9). Plaintiff Florence Ludwikoski brings this action after being struck in the face and eye by a golf ball she claims was hit by the defendant. She alleges that the defendant was negligent in the manner in which he hit the ball, and that her injuries are a direct result of defendant's negligence. She also alleges that the defendant was engaging in an abnormally dangerous activity and that he is absolutely liable for her injuries. For the reasons set forth below, the court grants in part defendant's motion to dismiss and denies it in part.

## II. Standard for Motion to Dismiss—12(b)(6)

A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. Negligence

■ In Count I of her complaint, plaintiff alleges that the defendant "caused a golf ball to be launched from the 18th tee of the Mission Hills Country Club in such a negligent and careless manner so as to leave the premises of the Mission Hills Country Club." She further alleges that as a result of this negligence, plaintiff was hit in the face and eye with the ball, causing severe and permanent injuries. Defendant argues that plaintiff fails to state a claim because the law of Kansas[1] does not impose upon a golfer a duty to hit a golf ball precisely, nor does it impose upon a golfer a duty to warn under the circumstances of this case.

The court finds that plaintiff has stated a claim for negligence. In order to state a claim, plaintiff must allege the existence of a duty, a breach of that duty, an injury, and a causal connection between the duty breached and the injury suffered. *Nero v. Kansas State University,* 253 Kan. 567, 861 P.2d 768, 772 (1993). Plaintiff has alleged each element of this cause of action; however, defendant argues that there exists no legal duty on the part of Mr. Kurotsu under the circumstances of this case sufficient to state a claim.

Whether a duty exists is a question of law. *Honeycutt v. City of Wichita,* 251 Kan. 451, Syl. 8, 836 P.2d 1128 (1992). Although this court has found no case that remotely indicates that Kansas imposes a duty upon a golfer to hit a golf ball precisely, the court finds that Kansas does require that a golfer act with reasonable and ordinary care under the circumstances. *Fink v. Klein,* 186 Kan. 12, 16, 348 P.2d 620 (1960). In *Fink v. Klein,*[2] the Kansas Supreme Court upheld the finding of a jury that plaintiff's contributory negligence prevented her from recovering for injuries received when hit in the legs by a golf ball. *Fink,* 186 Kan. at 14, 19, 348 P.2d 620. The Kansas court implicitly recognized that each party in the suit had a duty to exercise ordinary care on the golf course. *Id.* at 16, 348 P.2d 620. Contrary to defendant's position, it is not necessary for this court to recognize a duty to "hit a ball precisely" in order to find that plaintiff states a claim. The court need only find that the defendant had a duty to exercise ordinary care, or the care of a reasonable person under the circumstances.

---

1. Because jurisdiction in this case is based upon diversity, the court must ascertain and apply Kansas law. *Lutz Farms v. Asgrow Seed Co.,* 948 F.2d 638, 641 (10th Cir.1991).

2. *Fink v. Klein,* 186 Kan. 12, 348 P.2d 620 (1960), is the only Kansas case this court has found considering the negligence of a golfer who has injured a nonplayer by an errant golf shot.

By alleging that the defendant acted in a negligent manner, plaintiff has, in essence, alleged that the defendant did not act with reasonable care. Pleadings must be liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a). The court finds that Count I of the complaint, considered in the light most favorable to the plaintiff, states a cause of action against Mr. Kurotsu, and plaintiff is entitled to offer evidence in support of her claim.[3]

## IV. Absolute Liability

■ In Count II of her complaint, plaintiff alleges that the defendant is strictly liable to plaintiff because golf is an abnormally dangerous activity which creates a high degree of risk of harm. Plaintiff's argument that golfers be held strictly liable to innocent persons who are injured by their golfing activities, is contrary to the law of Kansas as well as that of states across the country. *See Carrigan v. Roussell,* 177 N.J.Super. 272, 278, 426 A.2d 517, 521 (1981). It appears beyond a doubt that the plaintiff can prove no set of facts in support of her theory of strict liability in tort which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir. 1991). Thus, the court finds that plaintiff fails to state a cause of action in Count II of her complaint, and Count II is dismissed.

Kansas has adopted the Restatement (Second) of Torts § 519, which sets forth the general rule regarding strict liability in tort for abnormally dangerous activities as follows:

(1) one who carries on an abnormally dangerous activity is subject to liability for

harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

*See Falls v. Scott,* 249 Kan. 54, 59–60, 815 P.2d 1104, 1109–1110 (1991); *Williams v. Amoco Production Co.,* 241 Kan. 102, 115, 734 P.2d 1113 (1987). Kansas has also adopted § 520 of the Restatement (Second) of Torts which sets out the following test for determining whether an activity is abnormally dangerous:

In determining whether an activity is abnormally dangerous, the following factors are to be considered:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on;

(f) extent to which its value to the community is outweighed by its dangerous attributes.

*See Falls,* 249 Kan. at 59–60, 815 P.2d at 1109–1110; *Williams,* 241 Kan. at 115, 734 P.2d at 1113. Whether the activity is an abnormally dangerous one is to be determined by the court. *Falls,* 249 Kan. at 60, 815 P.2d at 1110.

Plaintiff has not alleged, nor could she allege, facts which would cause the court to

---

3. However, the court does have serious concerns as to whether plaintiff will be able to offer evidence sufficient to support her claim as the case progresses. Plaintiff states in her complaint that she was sitting in a car off the golf course when hit. There is an absence of facts alleged that would suggest that the defendant was or could have been, with ordinary diligence, aware of plaintiff's presence. Although there is no Kansas case dealing with the issue, the majority rule among the states seems to be that a golfer has a duty to warn those persons within the foreseeable ambit of danger of his shot. *Knittle v.*

*Miller,* 709 P.2d 32, 34 (Colo.App.1985) (citing *Wood v. Postelthwaite,* 6 Wash.App. 885, 496 P.2d 988 (1972), *aff'd,* 82 Wash.2d 387, 510 P.2d 1109 (1973); *Schmidt v. Orton,* 190 Neb. 257, 207 N.W.2d 390 (1973); *Jenks v. McGranaghan,* 30 N.Y.2d 475, 334 N.Y.S.2d 641, 285 N.E.2d 876 (1972); *Johnston v. Blanchard,* 301 N.Y. 599, 93 N.E.2d 494 (1950)). Although the court has some doubt that plaintiff can show she was within this "foreseeable ambit of danger," plaintiff is at least entitled to an opportunity to offer such proof.

conclude that golf is an abnormally dangerous activity under Kansas law as set out above. Golf does not present a high degree of risk of harm, nor is there a strong likelihood that the harm that does result from golf will be great. Clearly the vast majority of golf shots, including those that are hit in a faulty manner, do not cause substantial injury. *See Townsley v. State,* 6 Misc.2d 557, 164 N.Y.S.2d 840, 841 (1957) ("The game of golf, itself, is not inherently dangerous."). An activity is not abnormally dangerous simply because it may possibly produce injury. *See Falls,* 249 Kan. at 60, 815 P.2d at 1110.

Although, as plaintiff contends, the exercise of reasonable care will not eliminate all potential for injury resulting from the game of golf,[4] this court is not persuaded that Kansas courts would find strict liability appropriate. Golf is a very common activity; it is not 'abnormal' in any sense of the word. Its value to the community outweighs its dangerous attributes. Indeed, most, if not all recreational sports involve some degree of risk of injury, yet plaintiff has cited to no Kansas case applying strict liability principles to a recreational sport. Moreover, in this case, the defendant was golfing on a golf course, which is absolutely an appropriate place to be playing the sport.

In addition, Kansas courts have examined activities more hazardous than the sport of golf, and have held that these activities are not abnormally dangerous. *See Williams v. Amoco Production Co.,* 241 Kan. 102, 115, 734 P.2d 1113, 1123 (1987) (drilling and operation of natural gas well was not abnormally dangerous activity for purposes of determining whether to impose strict liability on gas company); *Balagna v. Shawnee County,* 233 Kan. 1068, 1082, 668 P.2d 157, 168 (1983) (trenching work was not an inherently dangerous activity); *Arnold Associates, Inc. v. City of Wichita,* 5 Kan.App.2d 301, 317, 615 P.2d 814 (1980), *rev. denied,* 229 Kan. 669 (1981) (city's maintenance of water main was

not an abnormally dangerous activity). Nor do the actions of Mr. Kurotsu in this case give rise to a level of danger equal to the danger inherent in those activities to which strict liability has been applied by Kansas courts. *See e.g., Laterra v. Treaster,* 17 Kan. App.2d 714, 844 P.2d 724, 731 (1992) (use of automobile to commit suicide by carbon monoxide poisoning was abnormally dangerous activity).

Thus, the court rejects plaintiff's argument that under Kansas law, the defendant's activities in this case should be subject to strict liability, and finds that plaintiff has failed to state a claim in Count II of her complaint.

## V. Conclusion

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss for failure to state a claim (Doc. # 9) is granted in part and denied in part.

---

4. Many courts have recognized that even the most careful golfer will occasionally miss his target or slice a ball. *See e.g., Benjamin v. Nernberg,* 102 Pa.Super. 471, 157 A. 10 (1931) ("It is well known that not every shot played by a golfer goes to the point where he intends it to go. If such were the case, every player would be perfect and the whole pleasure of the sport would be lost. It is common knowledge, at least among players, that many bad shots must result although every stroke is delivered with the best possible intention and without any negligence whatever.").