56 So.2d 137 (1951)
MILLER
v.
ROLLINGS.
Supreme Court of Florida, Special Division A.
December 11, 1951.
Rehearing Denied February 1, 1952.
Paty, Warwick & Paul, West Palm Beach, for appellant.
George B. Mehlman and Kirk Sullivan, West Palm Beach, for appellee.
CHAPMAN, Justice.
The plaintiff-appellee, Leonard Rollings, Jr., for several years prior to February 10, 1948, was employed as a caddy on the premises of the Palm Beach Country Club golf course, and on said date was struck below the left eye and permanently injured by a *138 ball driven by the defendant-appellant. The plaintiff alleged that after the defendant struck the ball on the 15th tee he saw, or, by the exercise of ordinary care, should have seen that the flight of the ball was in the direction of the plaintiff then serving as a caddy near the 14th tee and was in danger of being hit by the defendant's golf ball; and that defendant owed plaintiff the legal duty of warning him of the approach of the golf ball in time to avoid being hit by it, but negligently and carelessly failed to warn the plaintiff of the approaching ball. The injuries thus sustained are permanent, including the loss of vision of one eye.
The issues made by the declaration and defendant's pleas of not guilty and contributory negligence were submitted to a jury, resulting in a verdict and judgment for the plaintiff below in the sum of $10,000. One of defendant's-appellant's grounds of motion for a new trial was that the trial court failed and refused to advise (instruct or charge) the jury on the issues made by his 5th plea, which was viz: "5. Defendant alleges that plaintiff was a professional caddy, well acquainted with the golf course upon which he was caddying; that said plaintiff well knew of the position of the tee from where plaintiff was driving and well knew that because of the crowded condition of the course at said time that players might be driving from said tee, but the plaintiff at the time aforesaid failed to exercise ordinary and reasonable care to avoid injury to himself, in that he failed to keep a proper lookout to avoid being struck by golf balls being driven from said tee and said plaintiff was guilty of contributory negligence directly contributing to his injury."
It appears by the certificate of the trial Court (Tr. 25) that during the progress of the trial counsel for the defendant approached the Bench and orally called the Court's attention to the fact that no charge had been given on contributory negligence made an issue in the cause by plea 5, supra, whereupon the trial Court remarked that he did not think or consider the orally requested charge on contributory negligence appropriate. In the order denying defendant's motion for a new trial a recital therein is to the effect that the defendant had abandoned plea 5 and "it was not necessary to charge on it." Final judgment was entered for the plaintiff-appellee and defendant appealed.
Counsel for the respective parties set out a resume or synopsis of the testimony as given by the several witnesses testifying in the case as authorized by Supreme Court Rule 11(5). We have carefully considered the facts appearing in this stipulation in light of the trial Court's failure to instruct the jury on the plea of contributory negligence as set out in plea 5, supra. It is conceded that the plaintiff had been employed as a caddy and had performed the duties of a caddy at the golf course for approximately eight years next and prior to the date of the accident. It must be assumed that the caddy was well informed as to the width of the space between the fairways; the distances between the tees and putting greens; elevations about the course, as well as the location of all trees and traps on the course where he had served as a caddy for many years. Likewise, he must be held to have a knowledge of the skill and ability of the regular golfers playing the course, inclusive of the defendant, who is referred to in the record as a "wild golfer".
The authorities, generally, hold that the driver of a golf ball is charged with the duty to exercise ordinary care for the safety of persons reasonably within range of danger. 65 C.J.S., Negligence, § 64, page 555. Such a golfer is not an insurer of the safety of persons on or off the golf course, but the driver of a golf ball is required to exercise ordinary care under the circumstances then surrounding him. One who is about to strike a golf ball, must, in the exercise of ordinary care, give adequate and timely notice to those who are unaware of his intention to play and who may be endangered by the play. Warning or notice is not required of a golfer to be given to persons not standing in a place where danger from a ball may reasonably be anticipated. 65 C.J.S., Negligence, § 89, page 599.
*139 The testimony reflects that the plaintiff was 29 years of age and had eight years of experience as a caddy and was well acquainted with the course of Palm Beach Country Club. The testimony further shows: "* * * that he had played in caddy tournaments there as well as caddying for golfing parties and that he had been runner-up in one of such tournaments; that the course was crowded on that day and that the party for whom he was caddying had been held up several times during the round waiting on the players ahead; that he knew the defendant and his partner who were playing ahead of his party on this occasion and knew from past experience that they were erratic golfers; that he was walking along slowly in the direction of the fifteenth tee looking at the ground at the time of the accident; that he heard no shout of `fore' nor any other warning and did not see the ball that hit him; that a person standing on the fifteenth tee had an unobstructed view of the section of the fourteenth fairway along which he was walking when struck."
The following contradictory testimony was adduced by the defendant:
"Norman Miller, witness for the defendant, testified in substance: that he is the brother of the defendant and that he and the defendant were playing golf at the Palm Beach Country Club on the 10th day of February, 1949; that he and the defendant played golf together several times each week; that the defendant was a poor golfer; that he saw defendant hit his tee shot from the fifteenth tee; that he saw the defendant's ball strike a tree and that he did not see the ball after it struck the tree. He further testified that he did not see the plaintiff Leonard Rollings, either before or after the defendant hit his ball; that both he and defendant yelled `fore' and that there was a strong wind blowing from the East.
"5. The defendant, Burton Miller, testified in substance: that he had been playing golf for only a short time; that he played several times a week with Norman Miller; that he did not see the plaintiff Leonard Rollings until he went down on the fairway to look for his ball; that both he and Norman Miller yelled `fore' just after he hit his drive; that he did not see his ball after it struck a tree."
It appears by the record that the defendant-appellant, by plea number 7, tendered as an issue to the declaration of the plaintiff the law of assumption of risk, but the trial Court denied the defendant the benefit of this defense by sustaining plaintiff's motion to strike the same. Likewise, the trial Court refused or declined to instruct the jury on the law of contributory negligence, although such a defense was made an issue by plea number 5, supra. It will be observed that the foregoing excerpts from the evidence of the parties appearing in the stipulation and made a part of the record disclose sharp disputes and conflicts for a jury to decide under appropriate instructions.
It is true that the order of the trial Court sustaining the motion of the plaintiff to strike plea number 7 for various reasons  which plea tendered the issue of assumption of risk  was assigned as error in the brief and orally argued at the bar of this Court. The contention was incorporated in the motion for a new trial as ground 6. Assignment number 1 argued in appellant's brief is that the Court erred in overruling and denying defendant's motion for a new trial. It was the duty of the trial Court to instruct the jury on the law of contributory negligence. The judgment appealed from is reversed and a new trial awarded.
Reversed.
SEBRING, C.J., and TERRELL, HOBSON, ROBERTS and MATHEWS, JJ., concur.
THOMAS, J., dissents.