### HENRY McWILLIAMS v. GEORGE H. PARHAM, JR.

(Filed 1 May 1968.)

**1. Games and Exhibitions § 4—**

It is the duty of a person hitting a golf ball to exercise ordinary care under the circumstances for the safety of other players, caddies, or spectators, and he must give adequate and timely notice to persons who appear to be unaware of his intention to hit the ball when he knows, or by the exercise of ordinary care should know, that such persons are so close to the intended flight of the ball that danger to them might be reasonably anticipated, but he is not an insurer of such persons.

**2. Customs and Usages—**

An ordinary custom, while admissible in evidence, is not conclusive on the issue of negligence, especially where the custom is clearly a careless or dangerous one.

**3. Same—**

A local custom is binding only upon persons who have knowledge of it.

**4. Same; Games and Exhibitions § 4—**

Defendant's contention that a custom of a particular golf course relieved him of the duty to warn the plaintiff of his intention to drive the ball from a certain tee *is held* to be without merit where defendant offered no evidence that he had knowledge of the custom, and since, in any event, the custom would not obviate the requirement of reasonable care.

**5. Games and Exhibitions § 4—**

In an action by a caddy to recover for injuries sustained when he was struck by a golf ball driven by defendant, who was playing behind the foresome for whom plaintiff was caddying, evidence that defendant observed plaintiff walking from the intended path of the ball, that plaintiff gave no warning of his intention to hit the ball until after he struck the ball, and that plaintiff heard no warning, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence.

**6. Same—**

Where a golfer gives a timely warning of his intention to drive a ball, a person who hears the warning or in the exercise of due care should have heard it in time to avoid being struck is negligent if he fails to take appropriate action to protect himself.

**7. Same—**

A player or caddy is entitled to assume that players in a party following him on the golf course will observe the rules and customs of the game.

**8. Negligence § 26—**

Nonsuit for contributory negligence is not proper unless plaintiff's evi-

dence establishes the facts necessary to show contributory negligence so clearly that no other reasonable conclusion can be drawn therefrom.

**9. Games and Exhibitions § 4—  Evidence held insufficient to establish contributory negligence as a matter of law in golfing accident.**

Evidence that plaintiff caddy was unaware that defendant was about to drive a golf ball, that plaintiff could have seen defendant preparing to drive had he looked, that plaintiff did not hear a warning given by defendant after he had struck the ball, and that plaintiff took no action to avoid being struck, *is held* not to disclose contributory negligence on the part of plaintiff as a matter of law, since plaintiff was entitled to assume that players following the party for whom he was caddying would observe the rules and customs of the game requiring them to give warning of their intention to drive a golf ball in the vicinity of a person who does not appear to be aware of such intention, the timeliess of defendant's warning in this case being a question for the jury.

Appeal by plaintiff from *Canaday, J.,* Second September 1967 Regular Civil Session of Wake.

Civil action to recover damages for injuries sustained by plaintiff as a result of being struck by a golf ball driven by defendant.

Plaintiff's evidence was, in substance, as follows:

Paul A. Tillery testified that plaintiff was caddying for him in a foursome playing ahead of defendant and another at Carolina Country Club in Raleigh, N. C., on 29 October 1964. Plaintiff was injured after Tillery's foursome had completed play at the thirteenth green. The witness described the thirteenth hole as being a par three hole, 180 yards long. A rough consisting of grass about four inches high separated the thirteenth and fourteenth fairways, which fairways were parallel and were played in opposite directions. There were no visual obstructions from the thirteenth tee to the thirteenth green. After Tillery's foursome completed play on the thirteenth green, they walked toward the fourteenth tee, and the caddies walked in a diagonal direction toward the rough separating the thirteenth and fourteenth fairways. Tillery heard someone yell "fore" and about eight seconds later he observed plaintiff on his knees at a point about fifteen feet into the rough from the left edge of the thirteenth fairway on a line with the sand trap located at the left front of the thirteenth green, which is the sand trap closest to the fourteenth fairway. When Tillery reached plaintiff, he was lying on the ground moaning, with his hand over his left eye.

Tillery did not see defendant hit the ball, nor did he see plaintiff at the time he was struck. He testified that the word "fore" was called before plaintiff was struck, but he did not know whether "fore" was called before or after the ball was struck. When he heard "fore" called, he had his back in the direction from which the ball

was coming and he kept on walking until he heard "this commotion" behind him.

Dr. Vonnie M. Hicks, Jr. (stipulated to be an expert medical doctor in the field of eye, ear, nose and throat and expert ophthalmologist) testified as to plaintiff's injuries.

Plaintiff, Henry McWilliams, who was 51 years of age at the time of the injury, testified that he walked from the center of the thirteenth green, passing 3 feet to his right of the trap located at the left front of the green (the sand trap closest to the fourteenth fairway), in a straight line to the point where he was struck by the ball, which was about two or three feet into the rough. At that time, he was going over to pick up the golf bags, which were lying in the rough between the thirteenth and fourteenth fairways and "was watching the ball going in the fourteenth. I was watching the ones I was caddying for, Dr. Pritchett and Mr. Tillery, going on the fourteenth. I was doing that because I was supposed to watch the ball, was supposed to keep up with the ball and pick up the bag. . . . As I left the green, I was walking fast because I had to get over there in a hurry to catch up so I could watch the ball of the one I was caddying for. As I was walking over the green, I did not look back toward the thirteenth tee. I didn't look back because I didn't think anybody would hit a ball that close to the green, no one ever had."

Plaintiff stated that he did not hear anybody yell "fore." On cross-examination, plaintiff testified that he had been caddying "on and off" for about 38 years and was familiar with the travel of a golf ball when the golfer hooked or sliced it and had seen golfers hook the ball. He stated that he had never seen a ball hooked to the left when driven from the thirteenth tee while players were still in the vicinity of the thirteenth green.

At the close of plaintiff's evidence, defendant's motion for judgment as of nonsuit was denied.

Defendant offered evidence substantially as follows:

Defendant testified that as he and Mrs. J. J. Stewart, Jr., were approaching the thirteenth tee, a foursome, including Mr. Tillery, had not yet completed play on the thirteenth green, so he sat down to wait. When the green and fairway were clear, he hit his ball and it hooked toward the rough. He noticed that the ball was going toward the caddy and yelled "fore" almost immediately after he hit the ball. The ball hit the ground and bounced up, hitting the caddy in the eye. Defendant stated that plaintiff was about 20 steps (estimating three feet to a step) from the thirteenth green when he hit the ball and about 23 steps from the green when he was struck. The latter distance was about 15 feet into the rough and defendant stated

that plaintiff was walking in the rough when he hit his tee shot. Defendant estimated that about 2½ to 3 seconds elapsed from the time he struck the ball and the time the ball struck plaintiff. He stated that his ball had not traveled out of bounds at the point where it struck plaintiff.

On cross-examination defendant testified that he had been playing golf for a period of a month and a half before the accident and that he had played golf at the Carolina Country Club one time previously. He stated that plaintiff was in his view but not within his intended range nor in the general range where he was to play. He gave no warning prior to hitting his tee shot. He saw plaintiff and others but could not tell where plaintiff's attention was focused. Defendant stated that he was familiar with the rules of golf.

Mrs. James J. Stewart, Jr., who was playing with defendant at the time of the accident, testified that she had played golf regularly at the Carolina Country Club for about 15 years. She stated that after completion of play on the thirteenth green, "the caddies usually come back up that rough" between the thirteenth and fourteenth fairways. She stated that it was the custom among players to hit the ball after the caddies had left the green and started up toward the rough, and that players teeing off on the thirteenth tee did not customarily yell "fore". Plaintiff followed the route usually taken by caddies after leaving the green. The witness stated that balls often hook into the rough from the thirteenth tee.

Jimmy Anderson, golf professional at Carolina Country Club for two years, testified that it was customary for players to hit from the thirteenth tee when the group ahead had putted out on the thirteenth green and had moved about ten yards away from the green. When the players and caddies had moved that distance from the green, it was not customary to yell "fore" before striking the ball.

Defendant's motion for judgment as of nonsuit at the conclusion of all the evidence was allowed.

Plaintiff appealed.

*Joyner & Howison by Henry S. Manning, Jr., for plaintiff, appellant.*

*Maupin, Taylor & Ellis for defendant, appellee.*

Branch, J. The sole question presented for decision on this appeal is: Did the trial court err in granting defendant's motion for involuntary nonsuit at the close of all the evidence? This single question presents for consideration whether there was evidence of

actionable negligence on the part of defendant and whether as a matter of law plaintiff was contributorily negligent.

This case has previously been before this Court on appeal from an order denying plaintiff's motion to strike the entire second and third further answers of defendant, and is reported in 269 N.C. 162, 152 S.E. 2d 117.

The duty that one golf player owes to another in playing the game, which duty is equally applicable to a caddy in the performance of his duties, was considered in the case of *Everett v. Goodwin,* 201 N.C. 734, 161 S.E. 316, where Brogden, J., speaking for the Court, stated:

> ". . . 'The courts are generally in accord on the point that a golfer, when making a shot, must give a timely and adequate warning to any persons in the general direction of his drive.'
>
> . . .
>
> ". . . 'A golf course is not usually considered a dangerous place, nor the playing of golf a hazardous undertaking. It is a matter of common knowledge that players are expected not to drive their balls without giving warning when within hitting distance of persons in the field of play, and that countless persons traverse golf courses the world over in reliance on that very general expectation.' "

The Virginia Court considered the rules of law relative to golf ball injuries in the case of *Alexander v. Wrenn,* 158 Va. 486, 164 S.E. 715. We quote from that case as follows:

> ". . . it is the duty of a golf player to exercise ordinary care to prevent injury to others by a driven ball; that, before driving, it is his duty to give timely warning to persons unaware of his intention whom he knows, or in the exercise of ordinary care should have known, are in line, or so close to the line, of the intended flight of the ball that danger to them reasonably might be anticipated."

In *Berry v. Howe,* 34 Wash. 2d 403, 208 P. 2d 1174, a case involving golf ball injuries to a caddy, the Court stated:

> "In all of his conduct which might result in harm to the caddy the golfer must exercise reasonable and ordinary care under the circumstances, . . . Driven balls do not always travel in the straight course intended and frequently deflect to the right or left, and thus a rather extensive zone of danger may be created. . . .
>
> "It is the duty of a golf player in the exercise of ordinary

care to give to a caddy timely warning of his intended drive if the caddy is not aware of such intention, and the player either knows or by the exercise of ordinary care under the existing circumstances should know of such unawareness. He must use ordinary care to observe whether a caddy is within the general direction of his drive, or otherwise within a zone of danger, if the ball should deviate from its intended course, and exercise ordinary care to see that he is adequately warned."

The general rule adopted in most jurisdictions (including North Carolina) is that it is the duty of a person hitting a golf ball to exercise ordinary care under existing circumstances for the safety of others, whether they be players, caddies, or spectators; he must give adequate and timely notice to persons who appear to be *unaware* of his intention to hit the ball when he knows, or by the exercise of ordinary care should know, that such persons are so close to the intended flight of the ball that danger to them might be reasonably anticipated. However, he is not an insurer of such persons, nor does such duty arise for the benefit of persons situate in a place where danger from the driven ball might not be reasonably anticipated. *Everett v. Goodwin, supra; Toohey v. Webster*, 97 N.J.L. 545, 117 Atl. 838; *Page v. Unterreiner*, Mo. App., 106 S.W. 2d 528; *Stober v. Embry*, 243 Ky. 117, 47 S.W. 2d 921; *Miller v. Rollings*, Fla., 56 So. 2d 137; *Boynton v. Ryan*, 257 F. 2d 70. Full and exhaustive notes relative to injuries on golf courses may be found in 138 A.L.R. 541, 82 A.L.R. 2d 1183, and A.L.R. 2d Later Case Service, beginning on page 509.

Defendant introduced evidence that it was not customary to "holler fore" when teeing off on the thirteenth hole of Carolina Country Club, and that it was customary for a person teeing off on the thirteenth hole of the course to do so after the preceding players had cleared about 10 yards from the thirteenth green. He contends that such custom relieved him of the duty to warn plaintiff of his intention to drive the ball.

". . . The weight of authority supports the view that since negligence is the failure to do that which an ordinarily prudent man would do, or the doing of that which an ordinarily prudent man would not do, under the same circumstances, an ordinary custom, while relevant and admissible in evidence on the issue of negligence, is not conclusive, especially where the custom is clearly a careless or dangerous one. What usually is done may be evidence of what ought to be done, but in the last analysis, what ought to be done is fixed according to the standard of the

ordinarily prudent man, whether it is customary to comply with that standard or not." 38 Am. Jur., Negligence § 34, p. 680,

"A custom which is local is binding only upon persons who have knowledge of it." 21 Am. Jur. 2d, Customs and Usages, § 20, p. 694.

Here, defendant offered no evidence that he had knowledge of the customs which he seeks to rely upon, but negatived such knowledge by evidence that he had only played on the golf course on one other occasion. In any event, this custom could not obviate the requirement of reasonable and ordinary care.

It is common knowledge among players of the game and among those who enjoy it as spectators that good golfers, and occasionally even the best golfers, cannot always control the line of flight of the golf ball. Hooks (curves to the left), slices (curves to the right) and other erratic shots, are common occurrences, and in the case of beginners or "duffers" they are more often the rule than the exception. It is equally well known, even among non-golfers, that the velocity of a driven golf ball may be so great as to cause it to become a dangerous missile.

In the instant case defendant, who had been playing golf for only six weeks, observed plaintiff walking diagonally from the path of the intended flight of the ball. According to defendant's own testimony, he gave no notice or warning of his intention to hit the ball until after the ball had been struck. Other witnesses heard the warning, but plaintiff testified that he heard no warning. The evidence of plaintiff and defendant was in conflict as to plaintiff's location in the rough at the time he was struck.

Considering the evidence in the light most favorable to plaintiff, and giving him the benefit of every reasonable inference which may be reasonably deduced from the evidence, as we must on motion to nonsuit (Pinyan v. Settle, 263 N.C. 578, 139 S.E. 2d 863), we hold that it was for the jury to determine whether defendant's conduct was such as to meet the test of ordinary care.

We next consider whether plaintiff was guilty of contributory negligence as a matter of law.

Appellee contends that plaintiff, an experienced caddy of full age, was contributorily negligent as a matter of law because he did not use his senses of sight and hearing to become aware that defendant was about to drive the ball, and thereby dispense with the necessity of warning by defendant.

It is true that if warnings were timely given so that plaintiff heard it, or in the exercise of due care should have heard it, in time

to avoid being struck, and plaintiff failed to take appropriate action to protect himself, he would have been guilty of contributory negligence. *Toohey v. Webster, supra.*

Defendant offered evidence that he gave an audible warning *after* he struck the golf ball and that persons other than plaintiff heard the warning. Plaintiff testified that he heard no warning. Thus the timeliness of defendant's warning as bearing on plaintiff's contributory negligence became a question for the jury.

A player or caddy is entitled to assume that players in the party following him on a golf course will observe the rules and customs of the game. *McWilliams v. Parham,* 269 N.C. 162, 152 S.E. 2d 117; *Everett v. Goodwin, supra.*

There was evidence which would have justified the jury in finding that plaintiff could have seen defendant on the tee had he looked. Conversely, there was evidence which would have permitted the jury to find that plaintiff was unaware that defendant was an inexperienced golfer, that plaintiff was rightfully upon the golf course, and was walking in a direction so as to increase the distance between him and the intended line of flight of the ball; that plaintiff, being well acquainted with the rules of the game of golf, was entitled to assume that players following the party for whom he was caddying would observe the rules and customs of the game, requiring them to give warning of their intention to drive a golf ball in the vicinity of a person who does not appear to be aware of such intention.

Concerning his failure to look toward the thirteenth tee, plaintiff stated "I didn't look back because I didn't think anybody would hit a ball that close to the green, no one ever had."

It is a well recognized rule in this jurisdiction that unless plaintiff's evidence establishes facts necessary to show contributory negligence so clearly that no other reasonable conclusion can be drawn therefrom, nonsuit is not proper. The issue is ordinarily for the jury. *Rouse v. Peterson,* 261 N.C. 600, 135 S.E. 2d 549; *Jones v. Bagwell,* 207 N.C. 378, 177 S.E. 170.

The evidence would permit but not compel a jury to find that plaintiff in the exercise of due care should have been aware that defendant was about to drive the golf ball and should have taken appropriate action to avoid injury. Thus plaintiff's evidence did not establish contributory negligence on his part so as to justify the ruling of the trial court.

We hold that the trial court erred in granting defendant's motion for involuntary nonsuit.

Reversed.