JERRY SCHMIDT, APPELLEE, V. KENNETH ORTON ET AL.,
APPELLANTS.
207 N. W. 2d 390

Filed May 18, 1973.   No. 38645.

Healey, Healey, Brown & Burchard and Douglas L. Kluender, for appellants.

Con M. Keating of Marti, Dalton, Bruckner, O'Gara & Keating, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The plaintiff, Jerry Schmidt, was injured when struck by a golf ball at Holmes Park Public Golf Course in Lincoln, Nebraska, on June 26, 1970. The jury returned a verdict in the amount of $8,500 against both defendants. They appeal. The issue is whether the evidence is sufficient to sustain the judgment against one or both defendants.

The plaintiff and the defendant Kenneth Orton were

playing with a foursome which had commenced play at around 12:30 p.m. The defendant Udo Jansen was playing with a foursome immediately behind the plaintiff's foursome. The accident happened on the 13th hole which is a par 4 hole, 378 yards in length. The fairway runs generally south from the tee box but curves to the west near the green.

The plaintiff's drive from the 13th tee landed in the rough near some pine trees approximately 180 yards south of the tee. The plaintiff was searching for his ball when the Jansen foursome reached the 13th tee. Orton was nearby helping the plaintiff look for his ball. The other two players in the plaintiff's foursome were farther south toward the green. After Orton had spent 2 or 3 minutes looking for the plaintiff's ball he signaled the Jansen foursome to play through.

The first player in the Jansen foursome to drive from the 13th tee was Carroll Londoner. Londoner's ball landed in the fairway opposite a tree in the area where the plaintiff was searching for his ball. The second player to drive from the 13th tee was Jansen. Before driving the ball, Jansen looked toward the green and saw the plaintiff who appeared to be searching for a ball in the rough. Jansen gave no warning before driving the ball. His drive appeared to be a good hit, at first, but then veered to the right toward the area where the plaintiff was looking for his ball. When Jansen saw his drive veer to the right he shouted "Fore."

The plaintiff testified he was not aware that a ball was coming toward him until he heard the warning from Jansen. The plaintiff turned around, "got a blance (glance)" of the ball when it was in the air about 100 yards away, and ran behind a fir tree nearby. The ball came through the tree and struck the plaintiff near his left eye injuring him seriously.

Orton testified that after signaling the Jansen foursome to play through, he walked to within 5 yards of

the plaintiff and "told" him the foursome, behind them would play through. About a minute later Orton looked up and saw the plaintiff walking toward the fairway. Orton then yelled: "Wait, Jerry, they are hitting." The plaintiff testified he received no indication, warning, or notification from Orton that the Jansen foursome had been waved through.

The case was submitted to the jury upon the plaintiff's allegations that Orton was negligent in failing to warn the plaintiff he was signaling the Jansen foursome to play through; and that Jansen was negligent in failing to warn the plaintiff of his intention to drive the ball. The defendants' allegations of assumption of risk and contributory negligence were also submitted to the jury.

In determining whether the evidence presented questions for the jury as against the defendants, the evidence must be considered in the light most favorable to the plaintiff. Every controverted fact must be resolved in his favor and he must have the benefit of every inference that may reasonably be drawn from the evidence.

The general rule adopted in most jurisdictions is that a person hitting a golf ball must exercise ordinary care under the circumstances for the safety of others. He must give adequate and timely notice to persons who appear to be unaware of his intention to hit the ball when he knows, or by the exercise of ordinary care should know, that such persons are so close to the intended flight of the ball that danger to them might reasonably be anticipated. McWilliams v. Parham, 273 N. C. 592, 160 S. E. 2d 692. See, also, Robinson v. Meding, 52 Del. 578, 163 A. 2d 272, 82 A. L. R. 2d 1176; Alexander v. Wrenn, 158 Va. 486, 164 S. E. 715. Miller v. Rollings (Fla.), 56 So. 2d 137.

The evidence was such that the jury could find Jansen was negligent in failing to give an adequate and timely warning to the plaintiff of his intention to drive the ball. When the evidence is viewed in the light most

favorable to the plaintiff, it is sufficient to sustain the judgment as against Jansen.

As to Orton, the jury could find he was negligent in failing to warn the plaintiff that he had signaled the Jansen foursome to play through. The circumstances were such that reasonable minds might draw different conclusions and inferences from the evidence as to the negligence of Orton and the contributory negligence of the plaintiff and the degree thereof when one is compared with the other. In such a case the issues must be submitted to the jury. Maxwell v. Lewis, 186 Neb. 722, 186 N. W. 2d 119.

We conclude the evidence presented questions for the jury as against both defendants and the judgment must be affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent. When golf players, waiting on a tee, are signaled to play through by a member of the preceding group and do so, they can reasonably expect that the players in the preceding group are conscious of their approach and will protect themselves from their drives. The players playing through have every right to believe that the signaling member of the previous group has warned all members of his group of their approach.

Orton testified that he twice told the plaintiff he had signaled the following group through. A failure on the part of the injured person to hear or pay attention to warning under such circumstances should not impose liability on the players coming through. On this record I cannot understand the finding of negligence on the part of defendant Jansen.