UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CARL N. POSTON,

*Plaintiff-Appellant,*

v.

DAVID SKEWES; SHERRY SKEWES, Individually and d/b/a Hollybrook Farms,

*Defendants-Appellees.*

No. 01-2476

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-00-129-2)

Argued: September 25, 2002

Decided: October 16, 2002

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Scott N. Brown, Jr., SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, Tennessee, for Appellant. James Noe Lucas Humphreys, HUNTER, SMITH & DAVIS, L.L.P., Kingsport, Tennessee, for Appellees. **ON BRIEF:** William F. Etherington, BEALE, BALFOUR, DAVIDSON & ETHERINGTON, P.C., Richmond, Virginia, for Appellant. Gary L. Edwards, II, HUNTER, SMITH & DAVIS, L.L.P., Kingsport, Tennessee, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## **OPINION**

PER CURIAM:

This appeal arises out of a negligence action brought by Carl N. Poston against David and Sherry Skewes for injuries resulting from an automobile accident at the Skewes' commercial pheasant hunting farm. The jury returned a verdict in favor of Poston. The district court granted the Skewes' post-verdict motion for judgment as a matter of law. We affirm.

I.

On October 30, 1999, Poston participated in a pheasant hunt at the Skewes' South Dakota farm. To reach the hunting site, the "south farm," the hunters had to travel from the lodge across open fields. The hunters divided into two groups. Ms. Skewes drove one group in a pick-up truck. She asked her visting neighbor, Pam Hitt, to drive the other group, which included Poston, in the farm's Suburban. The hunters often drove the Suburban. Poston, who had hunted at the Skewes' farm approximately 10 times prior to this trip, had driven it himself "on several occasions."

The hunters traveled down a public road to the south farm. Poston then directed Hitt to "turn into the field." After hunting at the first "strip," Poston and four other hunters climbed back into the Suburban. Hitt proceeded across the field to the next strip. During this drive, Hitt suddenly hit a ditch, causing the passengers to bounce when the Suburban's front and then back wheels hit the ditch. Poston hit his head on the roof and suffered a "burst fracture of his L-1 vertebra." Prior to the accident, none of the passengers saw the ditch and none of the passengers complained about Hitt's driving.

Poston, a hunter for many years, had hunted at approximately 500 farms. In 1998, he signed an assumption of the risk and release agreement for the Skewes' farm, which stated in part:

> I further understand and accept that hunting, walking, or otherwise moving about Hollybrook Farms . . . may involve traversing plowed or cultivated fields, hills, ditches . . . as well as getting in or out of vehicles. I further understand and accept that Hollybrook Farms poses certain natural dangers. The terrain poses hidden dangers and obvious dangers of which I am aware. . . . I further understand and accept that I may come into contact with . . . holes in the ground and other obstructions or hazards which may or may not be easily seen.

Although Poston did not sign an agreement in 1999, he did sign a similar document when he went to the farm in 2000, the year after the accident.* He testified that prior to the accident he knew that hunting at the Skewes' farm would require crossing fields in off-road vehicles and that ditches were common in the fields.

On July 27, 2000, Poston initiated this action relying on diversity jurisdiction: Poston resides in Tennessee and the Skewes reside in Virginia. The district court applied South Dakota law based on the place of the injury. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941) (federal court exercising diversity jurisdiction must apply choice of law rules of forum state); *Jones v. R.S. Jones & Assocs., Inc.*, 431 S.E.2d 33, 34 (Va. 1993) (in tort action, applying substantive law of "the place of the wrong").

## II.

The parties tried the case before a jury on April 30-May 1, 2001. The district court denied the Skewes' motions for judgment as a matter of law both at the close of Poston's evidence and at the close of all of the evidence. The jury returned a $300,000 verdict in favor of

---

*The trial court admitted into evidence a redacted version of the assumption of the risk agreement. This redaction excluded a portion of the document releasing the Skewes from any future claims of negligence. *See Hiett v. Lake Barcroft Cmty. Ass'n*, 418 S.E.2d 894, 895 (Va. 1992) ("[T]he law in Virginia has been settled that an agreement entered into prior to any injury, releasing a tortfeasor from liability for negligence resulting in personal injury, is void because it violates public policy.").

Poston. On May 11, 2001, the Skewes filed a renewed motion for judgment as a matter of law and an alternative motion for a new trial. The district court granted the renewed motion for judgment as a matter of law and denied the motion for a new trial.

The district court properly recognized that a court may grant a motion for judgment as a matter of law only if "there is no legally sufficient evidentiary basis for a reasonable jury to find" for the party successful at trial. Fed. R. Civ. P. 50(a), (b). Applying this standard, the district court concluded that Poston had not provided a sufficient evidentiary basis for a reasonable jury to find that the Skewes' agent, Pam Hitt, negligently caused the accident. It reasoned that none of the occupants of the Suburban, including Hitt, saw the ditch before the accident, no one objected to Hitt's driving speed or method, and there was no evidence that the ditch was within the vision of a reasonably prudent driver or that Hitt could have stopped in time to avoid the ditch. The district court also concluded that there was insufficient evidence of the Skewes' negligence in failing to provide an unobstructed path of travel through the field or in failing to warn of the ditch. Finally, the district court found that Poston had assumed the risk as a matter of law based on the assumption of the risk agreement and Poston's extensive hunting experience.

### III.

We have reviewed the record, briefs, and applicable law and have considered the oral arguments of the parties, and we conclude that the district court was correct. Accordingly, we affirm on the basis of the district court's well-reasoned opinion. *See Poston v. David Skewes, et al.*, No. 2:00CV00129 (W.D. Va. Nov. 21, 2001).

*AFFIRMED*