**Vincent F. STRAWBRIDGE, Jr.,
and Rebecca S. Strawbridge,
Plaintiffs,**

v.

**SUGAR MOUNTAIN RESORT, INC.; B.
Dale Stancil, Individually; the Sugar
Mountain Irrevocable Trust; and the
B. Dale Stancil Irrevocable Trust, Defendants.**

**No. CIV. 1:02CV92.**

United States District Court,
W.D. North Carolina,
Asheville Division.

June 28, 2004.

R. Hayes Hofler, Daniel B. Hill, Hayes, Hofler & Associates, P.A., Durham, NC, for Plaintiffs.

Perry C. Henson, Jr., Amanda Mary Willis, Henson & Henson, LLP, Greensboro, NC, Wyatt S. Stevens, Roberts & Stevens, P.A., Robert E. Riddle, Asheville, NC, James R. Fox, Jennifer I. Oakes, Bell, Davis & Pitt, P.A., Winston–Salem, NC, for Defendants.

## ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on motions of Defendant Sugar Mountain, Inc. ("Sugar Mountain"), and Defendants B. Dale Stancil, individually, the Sugar Mountain Irrevocable Trust, and the B. Dale Stancil Irrevocable Trust ("non-resort Defendants") for reconsideration, the non-resort Defendants' request for oral argument, and Plaintiff's response to these motions.

### A. Sugar Mountain's motion.

Sugar Mountain argues that "[t]here is a difference between contracting against liability for negligence and agreeing to assume certain inherent risks of a particular activity." **Defendant Sugar Mountain Resort, Inc.'s Motion for Reconsideration [Sugar Mountain's Motion], filed June 9, 2004, at 2.** Sugar Mountain further argues that, even if the exculpatory clause Plaintiff signed to rent his ski equipment is unenforceable, he still assumed the risk of suffering an injury caused by a bare spot on the slope. *See id.,* at 4. To support its claim that Plaintiff assumed the risk of falling on a bare spot, Sugar Mountain relies primarily on the statement printed on the back of Plaintiff's lift ticket warning him of bare spots and other dangers. Sugar Mountain also points to Plaintiff's extensive skiing experience in support of its claim that he assumed the risk of the injury that he ultimately suffered. *See id.,* at 7.

Sugar Mountain cites some persuasive and some binding authority that appears to support the distinction between agreements to assume inherent risks and contracts against liability for negligence. *Cf., Alston v. Monk,* 92 N.C.App. 59, 373 S.E.2d 463 (1988) **(analyzing the defendants' assumption of risk claims separately from their waiver claims)**; *Poston v. Skewes,* 49 Fed.Appx. 404, 2002 WL 31309233 (4th Cir.2002) **(explaining that the trial court had properly interpreted Virginia law when it allowed into evidence an "assumption of risk" statement that the plaintiff had signed but redacted language that purported to "re-**

lease" the defendants from liability for negligence). The Court will, therefore, assume without deciding that Sugar Mountain's assumption of risk defense is distinct from the "release" defense the Court has already considered and rejected.

 Sugar Mountain concedes that the assumption of risk defense "extends only to those risks which are normally incident to the [activity] in which the plaintiff engages." **Sugar Mountain's Motion, at 5** (citing *McWilliams v. Parham*, 269 N.C. 162, 166, 152 S.E.2d 117, 120 (1967)) **(alteration added)**. Sugar Mountain further concedes that " '[e]xtraordinary risks, including *additional* hazards caused by the negligence of the [contracting party], or others on the [contracting party's] premises,' are not considered assumed risks." **Sugar Mountain's Motion, at 5** (citing *McWilliams, supra,* at 166–67, 152 S.E.2d at 120) **(alterations in original)**. "Knowledge is the watchword of the defense of assumption of risk; knowledge of the dangers and hazards to be encountered." *Cobia v. Atlantic Coast Line R. Co.*, 188 N.C. 487, 125 S.E. 18, 20 (1924). "This doctrine of assumption of risk is based upon knowledge or a fair and reasonable opportunity to know, and usually this knowledge and opportunity must come in time to be of use. *Id.* **(quotations and citations omitted)**.

 Plaintiffs allege that negligence on the part of Sugar Mountain caused their injuries. This Court has held that a jury may find negligence from "evidence of a bare spot on a slope, evidence that defendants knew of conditions that may cause bare spots, and evidence that the bare spot was in some way concealed." **Memorandum and Order, filed May 10, 2004, at 14.** A corollary of that holding is that a jury may find that a concealed bare spot on a ski slope is not a risk that is normally incident to the activity of skiing when the ski slope operator knows or should have known of the offending spot and is aware of weather conditions that may cause unusual bare spots. Since this Court held that Plaintiffs have forecast evidence of each element listed above, the Court cannot decide, as a matter of law, that the assumption of risk doctrine defeats Plaintiffs' claims.[1] Quite to the contrary, since Plaintiffs can only prevail if they prove negligence on the part of Sugar Mountain, and since a finding of negligence would mean that Plaintiffs were injured by "additional hazards caused by the negligence of [Sugar Mountain]," the assumption of risk defense cannot aid the Defendants. *McWilliams,* at 166–67, 152 S.E.2d at 120.

### B. The non-resort Defendants' motion.

#### 1. B. Dale Stancil.

The non-resort Defendants' memorandum advances no novel argument for summary judgment as to Stancil. Therefore, for the reasons set forth in the Court's Memorandum and Order, the Court declines to dismiss Defendant Stancil.

#### 2. The trust entities.

In its Memorandum and Order, the Court found that the evidence would support a finding of derivative liability, but the Court did not specifically examine whether that potential liability extended to the two irrevocable trusts. Now, the Court finds it does not.

As explained in the Memorandum and Order, Stancil and his business partner created the Sugar Mountain Irrevocable Trust in 1979 when they conveyed the land on which the ski resort sits into the trust

---

1. The *Poston* case illustrates this point. There, the Fourth Circuit, in finding that the plaintiff had assumed the risk of an accident, pointed out that the district court found no negligence on the part of the defendants. *Poston, supra.*

for estate planning purposes. The Sugar Mountain Irrevocable Trust has continued to lease the land to Sugar Mountain, Inc., since 1979. The beneficiaries of the Sugar Mountain Irrevocable Trust are the Defendant B. Dale Stancil Irrevocable Trust ("Stancil Trust"), which was established for Stancil's children, and an irrevocable trust for the children of Stancil's business partner. Both Defendant trusts are managed by independent trustees. **Memorandum and Order, at 17–18.**

Although neither trustee is obligated to give Stancil access to the corpus of the trusts, the Stancil Trust does provide that the Trustee may loan funds to "the Grantor, the Grantor's affiliated corporations or partnerships, other trusts created by the Grantor, trusts of which this trust is a beneficiary, beneficiaries of this trust or their affiliated corporations or partnerships." **Exhibit 8, B. Dale Stancil Irrevocable Trust ("Stancil Trust"),** *attached to* **Brief Opposing Summary Judgment as to Certain Defendants, at 2.** The trust further provides that any such loan must be "on an arm's length basis with good and adequate security and a fair interest rate." *Id.* The trustee has, in fact, allowed Stancil to borrow money from the Stancil Trust to finance a real estate investment in Virginia and possibly to invest money in Sugar Mountain, Inc. Stancil makes interest payments to the trust in the sum of roughly $100,000 per year but does not make payments on the principal. **Exhibit 17, Deposition of B. Dale Stancil,** *attached to* **Plaintiff's Objections to Memorandum and Recommendation, at 44–45, 93–94, 103–04.**

█ Plaintiffs give two theories on why liability should extend to the trust entities. The first is that, at least with respect to the Sugar Mountain Irrevocable Trust, liability is proper because the trust actually owns the premises on which Plaintiff was injured. However, it is well set-

tled in North Carolina that "a landlord who has neither possession nor control of the leased premises is not liable for injuries to third persons." *Vera v. Five Crow Promotions, Inc.,* 130 N.C.App. 645, 650, 503 S.E.2d 692, 697 (1998) **(internal quotations omitted).** Plaintiffs state in their objections to the Memorandum and Recommendation that the Sugar Mountain Irrevocable Trust "operated the resort," but there is no forecast of evidence to support that statement. The original lease, however, states that Sugar Mountain Resort, Inc., agrees "to operate" the resort. **Lease Agreement,** *contained in* **Appendix to Moving Defendants' Memorandum in Support of Motion for Summary Judgment, at 4.** For that reason, the fact that Sugar Mountain Irrevocable Trust was a landlord to Sugar Mountain, Inc., does not extend the liability of Sugar Mountain, Inc., to either trust entity.

█ Plaintiffs' second argument for holding the trusts liable is that Stancil and the trusts are in an agency relationship. At times, Plaintiffs assert that "Stancil is the agent or servant of the trusts," and, at other times, Plaintiffs assert that the trusts and the trustees are paid servants of Stancil. **Plaintiffs' Brief Opposing Summary Judgment as to Certain Defendants, at 20–21; Plaintiffs' Objections to Memorandum and Recommendation, at 57–59.** However, neither trust instrument mandates any ongoing obligations between Stancil and the trusts or the trustees. **Exhibit 7, Sugar Mountain Irrevocable Trust,** *attached to* **Plaintiffs' Brief Opposing Summary Judgment as to Certain Defendants; Exhibit 8, B. Dale Stancil Irrevocable Trust,** *supra.* Although there is evidence of at least one loan from the Stancil Trust to Stancil, there is no evidence or legal authority to support the finding of an agency relationship, and there is no evidence to support a

finding that the transaction was not performed at arm's length.

For the reasons discussed above, the Court sees no basis for extending liability to irrevocable trust entities Stancil created over 20 years ago. As such, the two trust Defendants will be dismissed from this action.

### 3. Request for oral argument.

Because of the extensive briefs filed by the parties, the Court determines there is no need for oral argument.

### *ORDER*

**IT IS, THEREFORE, ORDERED** that Defendant Sugar Mountain Inc.'s, motion to reconsider is hereby **DENIED.**

**IT IS FURTHER ORDERED** that there will be no jury determination of whether Plaintiff Vincent Strawbridge assumed the risk of injury.

**IT IS FURTHER ORDERED** that the non-resort Defendants' motion to reconsider is hereby **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Plaintiffs' claims against the B. Dale Stancil Irrevocable Trust and the Sugar Mountain Irrevocable Trust are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the non-resort Defendants' request for oral argument is hereby **DENIED.**